UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHEN HALL,

                Plaintiff,

v.                                  Case No. 20-cv-1632-pp

LIEUTENANT STEFONEK, *et al.*,

                Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL (DKT. NO. 43)**

      Plaintiff Stephen Hall, who is confined at the Waupun Correctional Institution and is representing himself, filed this civil rights case under 42 U.S.C. §1983 alleging violations of his constitutional rights when he was a pretrial detainee at the Waukesha County Jail. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on claims for deficient medical care, excessive force and failure to intervene in the excessive force. Dkt. No. 19 at 6-7. The plaintiff since has filed his second motion to appoint counsel. Dkt. No. 43.

      The plaintiff states that he cannot afford counsel, his imprisonment will greatly limit his ability to litigate and that he has limited legal knowledge, experience and access to the law library. Dkt. No. 43 at 1. He also states that the issues involved in this case are complicated and will require significant research and investigation Id. The plaintiff asserts that over a month earlier, he contacted three law firms to find a lawyer on his own, and he provides the

names of the firms he contacted. Id. He says that either he has not heard back from the firms or they've notified him that they cannot assist him. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact

the lawyer; and (4) the lawyers' responses. The plaintiff has made a reasonable attempt to find a lawyer, thus meeting the first prong. Dkt. No. 43 at 1.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The court denied without prejudice the plaintiff's first request for counsel because the plaintiff had not satisfied the first prong of the recruitment of counsel standard. Dkt. No. 19 at 11. The court stated:

> Even if the plaintiff had made a reasonable attempt to find a lawyer on his own, the court would deny his motion at this time. The

> plaintiff's filings show that he is articulate and intelligent. His handwriting is neat and easy to read. He filed a detailed complaint as well as a motion for injunctive relief (accompanied by declarations of other inmates), he cites case law and he communicates frequently with the court in clear, understandable letters and notices. He has no trouble asking for things he wants. While the court notes that the most recent letter it received from the plaintiff (sent from Waupun Correctional Institution and received by the clerk's office on June 17, 2021) appears to be in different handwriting than the submissions the court received while the plaintiff was at the Waukesha County Jail, this letter, too, is clear, articulate and easy to read. Dkt. No. 18. The next step in the process is for the court to have the complaint served on the defendants and for the defendants to respond. Then the court will issue a scheduling order, setting deadlines for the parties to exchange discovery. The court included with its order screening the plaintiff's other case (Case No. 20-cv-1631), a guide with information about prosecuting the plaintiff's case which includes information on conducting discovery and pretrial motion practice. At this stage, the court believes that the plaintiff can manage the litigation himself. The court will deny without prejudice the plaintiff's motion to appoint counsel; if, later, it appears that the litigation has become too complex for the plaintiff to handle on his own, he may renew the request.

Dkt. No. 19 at 11-12 (footnote omitted).

In this second motion, the plaintiff has shown that he made a reasonable attempt to find a lawyer. The court still believes, however, that the plaintiff can proceed on his own at this stage. As explained in the court's order denying the plaintiff's first motion to appoint counsel, his filings demonstrate that he is articulate and intelligent. He has filed discovery requests that show he can engage in pretrial motion practice. The plaintiff's medical care claim involves allegations that the defendants did not give him proper attention and/or care when he complained of having a panic attack. These allegations are not particularly complicated, and the plaintiff has shown that he can explain them in detail.

4

The court understands that the defendants have filed a motion to compel. Dkt. No. 53. The court gave the plaintiff an opportunity to respond to that motion, dkt. no. 58, and he did so, filing a clear, concise brief explaining why he had been late in responding to the defendants' discovery demands, dkt. no. 59. The court will rule separately on the motion to compel, but the plaintiff's response is yet more evidence that he is more capable than many incarcerated plaintiffs this court sees at making himself understood and representing himself.

The court will deny without prejudice the plaintiff's second request for counsel. If the plaintiff needs more time to conduct discovery or to respond to a dispositive motion, he may file a motion requesting an extension of time. And he may renew his request for counsel if the litigation reaches a point where he is not capable of handling it himself.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 43.

Dated in Milwaukee, Wisconsin this 20th day of May, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**