UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHEN HALL,

                        Plaintiff,

v.                                                    Case No. 20-cv-1632-pp

LIEUTENANT STEFONEK,
CORRECTIONS OFFICER KURSZEWSKI,
CORRECTIONS OFFICER PIETRUSZKA,
CORRECTIONS OFFICER SIMMONS,
CORRECTIONS OFFICER BENSON,
CORRECTIONS OFFICER RUTH,
and NURSE SKUCE,

                        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 64)

Plaintiff Stephen Hall, who is confined at Waupun Correctional Institution and is representing himself, filed this civil rights case under 42 U.S.C. §1983 alleging violations of his constitutional rights when he was a pretrial detainee at the Waukesha County Jail. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on claims for deficient medical care, excessive force and failure to intervene in the excessive force. Dkt. No. 19 at 6-7. The plaintiff has filed a combined motion to compel and to extend the discovery deadline.[1] Dkt. No. 64.

---

[1] The court previously granted the portion of the plaintiff's motion that asked the court to extend the discovery deadline. Dkt. No. 70. Currently, the deadline for completing discovery is October 14, 2022 and the deadline for filing dispositive motions is November 14, 2022. Id.

1

In support of his motion to compel, the plaintiff states that on December 21, 2021, he served requests for admission and requests for production of documents on counsel for defendants Benson, Kurszewski, Pietruszka, Ruth, Simmons and Stefonek (County Defendants). Dkt. No. 64 at ¶3. The plaintiff states that on January 17 and January 27, 2022, he received "completely meritless objections" to most of his discovery requests and that on March 17, 2022, he received a few (about two-fifths) of the documents he originally requested. Id. at ¶¶ 4-5. Next, the plaintiff states that on April 4, 2022, he filed with the court his clarified requests for admission (Dkt. No. 50) and that the County Defendants received it via "ECF," the court's electronic case filing system. Id. at ¶6. The plaintiff asserts that on April 19, 2022, he and counsel for the County Defendants conferred via a telephone call regarding counsel's alleged failure to submit an adequate response to the plaintiff's discovery request. Id. The plaintiff says defense counsel stated that she would not submit any new responses since the plaintiff had not properly served his requests and had not amended his requests in any way. Id. However, the plaintiff states that he had submitted clarifications and an appendix of definitions of all the words counsel said were "vague and ambiguous." Id. The plaintiff states that on April 30, 2022, he received a response from counsel for the County Defendants consistent with her other responses and objecting to every request. Id. at ¶8. The plaintiff states that on May 5, 2022, he served his amended/clarified requests for admission (Dkt. No. 50) via the U.S. Postal Service and that on June 6, 2022, he received a response from the County Defendants stating:

2

> Deny. Plaintiff did not properly serve these defendants with any amended or clarified Request for Admission in sufficient time to respond as they were to be served at least 60 days prior to the discovery deadline. Further object that plaintiff's amended Requests are not proper Requests for Admissions in that plaintiff merely included various definitions and did not restate any specific Request with the specific clarified information and, therefore, these defendants cannot properly respond. See also Defendants' prior answer to Plaintiff's Requests for Admission.

Id. at ¶9. The plaintiff asks the court to compel the County Defendants to provide answers to the discovery and provide the documents that have been requested. Id. at ¶16.

The County Defendants filed a response to the plaintiff's motion to compel, stating that on January 17, 2022, they responded to the plaintiff's initial requests for admission with proper objections. Dkt. No. 72 at 1. They state that on April 1, 2022, the plaintiff filed his clarified requests for admission with the court, and that they responded by indicating that the plaintiff did not properly serve the requests on the County Defendants. Id. Next, the County Defendants state that they arranged a call with the plaintiff to discuss *the plaintiff's* deficient responses to *their* discovery requests and that, during this call, the plaintiff raised the issue of his requests for admission. Id. at 1-2. According to the County Defendants, counsel indicated that the plaintiff's clarified requests for admission were deficient because he filed them with the court instead of serving them on counsel, as required by the Federal Rules of Civil Procedure. Id. at 2. The County Defendants state that counsel also informed the plaintiff that the clarified requests for admission were deficient because the plaintiff never restated the discovery requests by

3

incorporating his definitions or other clarifying information which made it difficult, if not impossible, to respond. Id. The County Defendants state that the plaintiff finally served his clarified requests for admission on them on May 9, 2022, and that they objected to the clarified requests as being untimely along with other objections. Id. They state that the plaintiff never has attempted to confer on this issue. Id. They also maintain that the plaintiff never has raised any issue with the documents produced in response to his requests for production of documents. Id.

The County Defendants contend that the court must deny the plaintiff's motion to compel the production of documents because the plaintiff never has raised any issue about not receiving documents before filing the instant motion, it is unclear as to which documents he believes he is entitled and he never conferred with counsel about any additional documents he believes he should receive. Id. The County Defendants contend that the court should deny the plaintiff's motion to compel responses to his requests for admission because he did not attempt to confer with them after he served them with the requests for admission in May 2022. Id. at 3. The County Defendants also point out that the plaintiff has not identified any specific deficient discovery response regarding his clarified requests for admission and that, while he provided some clarification and definition of words, he did not incorporate these clarifications into the actual requests, making it impossible to properly respond. Id. at 3-4.

The plaintiff did not file a reply.

The court advises the plaintiff that the way to obtain information from the defendants is to serve *them* with discovery requests. See Fed. R. Civ. P. 5(d) ("[D]isclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed [with the court] until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things . . . and requests for admission.").[2] The court does not get involved in the discovery process unless the opposing party fails to respond to properly served discovery requests. If that happens, the party who asked for the discovery may file a motion with the court, asking it to compel the other side to respond, but a party can file a motion to compel only after conferring or trying to confer with the party failing to make disclosure or provide the discovery. A person cannot file a motion to compel unless that person first tries to work things out with the other side, and any motion to compel should describe these efforts. See Fed. R. Civ. P 37(a); Civil L.R. 37 (E.D. Wis.).

The plaintiff does not state that he conferred, or attempted to confer, with the County Defendants regarding their responses to his requests for production of documents. The court will deny the plaintiff's motion to compel as to that discovery request.

---

[2] The court previously advised the plaintiff of this requirement in the scheduling order (Dkt. No. 39 at 1) and in Notices Regarding Discovery (Dkt. Nos. 42, 51) mailed to him after he filed discovery requests with the court, including the one at issue in his motion to compel.

The plaintiff *does* state that he raised the issue of the County Defendants' response to his requests for admission during the telephone conference and that, in response, counsel said that the plaintiff had not properly served his clarified requests for admission on them and he had not amended his requests. The plaintiff served his clarified requests for admission on the County Defendants in May 2022, and he does not state that he has conferred, or tried to confer, with them regarding their objections that the requests were untimely[3] and that they could not properly respond to them because the plaintiff did not restate his requests for admission. As explained above, the plaintiff must confer or attempt to confer with the County Defendants before filing a motion to compel. The plaintiff does not state that he complied with this requirement *after* he properly served the County Defendants with his clarified requests for admission. The court will deny the plaintiff's motion to compel as to his requests for admission.[4]

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 64.

Dated in Milwaukee, Wisconsin this 30th day of September, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

---

[3] The plaintiff's May 2022 discovery request would not be untimely under the new October 14, 2022, deadline for the completion of discovery.

[4] The court advises the plaintiff that the County Defendants made reasonable objections to his clarified requests for admission. They cannot properly respond to the requests, as written, because the plaintiff has not amended his requests.