UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHEN HALL,

                Plaintiff,

v.                                           Case No. 20-cv-1632-pp

LIEUTENANT STEFONEK, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. NO. 76), DENYING PLAINTIFF'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS (DKT. NO. 82) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR DECISION (DKT. NO. 84)**

      Plaintiff Stephen Hall, who is representing himself, was incarcerated when he filed this civil rights complaint under 42 U.S.C. §1983 alleging violations of his constitutional rights when he was a pretrial detainee at the Waukesha County Jail. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on claims for deficient medical care, excessive force and failure to intervene in the excessive force. Dkt. No. 19 at 6-7. The plaintiff has filed a motion to amend the complaint, along with a proposed amended complaint (Dkt. Nos. 76, 76-1), a motion to compel and request for sanctions (Dkt. No. 82) and a motion for the court to issue a decision on his motion to amend (dkt. no. 84).

**I.    Motion to Amend Complaint (Dkt. No. 76)**

      In his motion to amend the complaint, the plaintiff states that since he filed the original complaint, he has determined certain additional facts to be relevant and that he has added new claims. Dkt. No. 76 at 1. The plaintiff says

1

that he has changed the format of the Prayer for Relief and Verification sections of the complaint. Id. The plaintiff asserts that his first goal in amending the complaint was to make it more legible in a typed format and that he added only a limited number of facts and claims. Id.

In response, defendants Benson, Kurszewski, Pietruszka, Ruth, Simmons and Stefonek ("County defendants") contend that allowing the plaintiff to amend his complaint would result in undue delay and unfair prejudice. Dkt. No. 81 at 3-5. They also contend that the court should deny the motion because several of the new claims are futile; specifically, they argue that the plaintiff has not stated a claim for failure to train and that the court cannot issue an injunction because the plaintiff no is longer incarcerated at the Waukesha County Jail. Id. at 5-6. Defendant Nurse Skuce, who is represented by separate counsel, did not file a response to the motion to amend.

Leave to amend a pleading should be freely given "when justice so requires." See Federal Rule of Civil Procedure 15(a)(2). The decision regarding whether to allow the amendment is within the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Id. at 182; see also White v. Woods., 48 F.4th 853, 860-61 (7th. Cir. 2022) ("[D]istrict courts 'may deny leave to amend . . . where there is a good reason to do so, such as futility, undue delay, prejudice, or bad faith.'").

The court received the plaintiff's motion to amend about ten months after the court issued the scheduling order (Dkt. No. 39). Since the court issued the

scheduling order, the parties actively have engaged in discovery and all parties have moved to extend the case deadlines. Currently the case deadlines are stayed. Dkt. No. 79. Based on these factors, the court cannot conclude that the plaintiff has caused undue delay in filing his motion to amend or that the defendants will be prejudiced if the court allows the amendment. The court will screen the proposed amended complaint under 28 U.S.C. §1915A to determine whether the plaintiff can proceed on the new claims identified in that pleading.

      A.      Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations and Analysis

For the most part, the plaintiff's proposed amended compliant reiterates the allegations from his original complaint. Dkt. Nos. 1, 76-1. Based on these allegations, the court ruled in the screening order that the plaintiff could proceed on medical care, excessive force and failure to intervene in excessive force claims against the defendants. Dkt. No. 19. The screening order states in relevant part:

> A §1983 claim that a state pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. James v. Hale, 959 F.3d 307, 318 (7th Cir. 2020) (citing Miranda v. Cty. of Lake, 900 F.3d 335, 346-47 (7th Cir. 2018)). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. Id. (citing Miranda, 900 F.3d at 352). The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. Id. First, he must show that the defendants acted purposefully, knowingly or recklessly when considering the consequences of their response to the medical condition at issue in the case. Id. (citing McCann v. Ogle Cty., Ill., 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show

4

that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. Id.

      The plaintiff has stated sufficient facts to allow him to proceed on his deliberate indifference claim against Ruth based on his allegations that she did not respond to the plaintiff's emergency intercom calls; against Benson based on allegations that when he found the plaintiff lying unconscious in his cell, he accused the plaintiff of faking and walked away; and against Kurszewski, Pietruszka, Simmons and Stefonek based on allegations that they stood outside his cell laughing for about ten minutes while the plaintiff was lying unconscious in his cell. The plaintiff also has stated sufficient facts to allow him to proceed on a deficient medical care claim against Skuce, based on his allegations that Skuce denied him proper medical treatment for his pain.

      The Fourteenth Amendment applies to excessive force claims brought by pre-conviction detainees and the standard is solely objective. Hardeman v. Curran, 933 F.3d 816, 822 (7th Cir. 2019) (quoting Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015)). "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley, 576 U.S. at 396-97.

      The plaintiff has stated sufficient facts to allow him to proceed on an excessive force claim against Kurszewski, Pietruszka and Simmons based on his allegations that they physically abused him after they entered his cell when he was unconscious. The plaintiff also has stated sufficient facts to proceed on a claim against Stefonek for allegedly failing to intervene to prevent the other officers' excessive use of force.

Dkt. No. 19 at 5-7.

In the proposed amended complaint, the plaintiff adds certain facts he deems relevant. Dkt. No. 76-1 at ¶1. First, he alleges that when the defendants entered his cell, no staff member possessed a handheld camera; he says this was contrary to policy. Dkt. No. 76-1 at ¶20. Next, he alleges that the staff members who entered his cell and used force on him "were large men in stature, well over 200 lbs., one of them close to 300 lbs., compared to the 170 lbs. plaintiff." Id. at ¶22. The plaintiff also alleges that the defendants "were clearly unconcerned with [the plaintiff's] safety, health, or well being, nor were

5

they properly trained, or did not demonstrate proper training, while dealing with the plaintiff who was a person in need of medical attention; not an active or passive threat." Id. at ¶25. The proposed amended complaint also adds allegations regarding the way the plaintiff was handcuffed, alleging that he was "aggressively handcuffed, C.O.s wrenching his wrists and shoulder, in a manner that was sure to inflict additional pain." Id. at ¶23.

The proposed amended complaint also adds claims for relief or causes of actions. Dkt. No. 76 at ¶2. First, the plaintiff claims that the defendants "did not demonstrate proper procedure, while dealing with someone who was in medical distress, due to th[eir] failure to train, in violation of WI STAT. and WCJ policy." Id. at ¶31. The plaintiff also claims that the defendants "did not demonstrate proper procedure, while entering the cell of an inmate in their custody, due to their failure to train, and in violation of policies addressed within WCSD and WCJ." Id. at ¶32.

The new allegations in paragraphs 20 and 22 do not add anything to the plaintiff's medical care and excessive force claims. To the extent that the plaintiff alleges that the defendants' actions show that they did not receive proper training, he has not alleged that any defendant or the county failed to provide adequate training or failed to act in response to repeated complaints of constitutional violations by its officers. See Miranda v. Cty. of Lake, 900 F.3d 335, 345 (7th Cir. 2018) (quoting Sornberger v. City of Knoxville, 434 F.3d 1006, 1029-30 (7th Cir. 2006)); see also City of Canton v. Harris, 489 U.S. 378, 388 (1989). The plaintiff has not stated a constitutional failure-to-train claim. The plaintiff's allegations that the defendants' actions in entering his cell and not providing him with medical care violated policy does not implicate his constitutional rights. A violation of state laws or regulations is not a basis for a

6

federal civil rights case. See Williams v. Mierzejewski, 401 F. App'x 142, 144 (7th Cir. 2010) (citing Guajardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010); Domka v. Portage Cty., Wis., 523 F.3d 776, 784 (7th Cir. 2008)).

As for the plaintiff's new allegations regarding the way the officers handcuffed him, these allegations state a claim for excessive force against Kurszewski, Pietruszka and Simmons, the three officers who entered his cell to restrain him. The court will grant the plaintiff's motion to amend the complaint to add this claim.

Finally, although the plaintiff does not mention the addition of any state law claims in his motion to amend, in the introductory paragraph the plaintiff states that he alleges the torts of assault and battery, negligence and failure to intervene in violation of Wisconsin state law. Dkt. No. 76-1 at 1. The court will allow the plaintiff to proceed on a supplemental state law claim of assault and battery based on his excessive force allegations. See 28 U.S.C. §1367(a). And the plaintiff may proceed on a state law negligence claim based on allegations that the defendants failed to respond to his request for medical care and failed to treat him. Id. However, "there is no general duty to intervene" under Wisconsin law, so the plaintiff may not proceed on a failure to intervene claim under Wisconsin state law. See Voss v. Kauer, No. 18-cv-848-jdp, 2019 WL 144696, at *2 (W.D. Wis. Jan. 9, 2019) (quoting Winslow v. Brown, 125 Wis. 2d 327, 331 (Wis. Ct. App. 1985)).

In the re-worked prayer for relief, the plaintiff asks for an injunction ordering the Waukesha County Sheriff to "[s]ubmit all of the correctional staff in this complaint and any other that has had an excessive force personnel complaint, occurring during a medical backup, to training on how to handle inmates who are in medical distress and additional to racial bias training." Dkt.

7

No. 76-1 at 4. The court already has noted that the plaintiff has not stated a failure-to-train claim, and the amended complaint does not allege a claim of racial discrimination. More to the point, however, the plaintiff no longer is incarcerated at the Waukesha County Jail. To obtain injunctive relief, a party must first make a threshold showing "that: (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." Tully v. Okeson, 977 F.3d 608, 612-13 (7th Cir. 2020) (quoting Turnell v. CentiMark Corp., 796 F.3d 656, 662 (7th Cir. 2015)). The plaintiff cannot satisfy the first element—because he no longer is incarcerated at the Waukesha County Jail, he cannot demonstrate that he will suffer irreparable harm without the injunctive relief he requests. Perhaps the plaintiff is concerned that other persons incarcerated at the jail may suffer irreparable harm. But the plaintiff has not filed a class action seeking to represent other individuals; in this individual suit, he may seek relief only on his own behalf, for injuries that he allegedly has incurred. The court will not allow the plaintiff to proceed on his claim for injunctive relief.

The court will grant the plaintiff's motion to amend the complaint and the proposed amended complaint will be the operative complaint. After the defendants respond to the amended complaint, the court will set deadlines for discovery and for the parties to file motions for summary judgment.

## II. Motion to Compel and Request for Sanctions (Dkt. No. 82)

The plaintiff has filed a motion to compel and request for order imposing sanctions for alleged spoliation of evidence. Dkt. No. 82. The plaintiff asserts that the County defendants provided insufficient responses to his interrogatories and second request for production of documents. Id. at ¶¶1-2.

8

Case 2:20-cv-01632-PP   Filed 06/08/23   Page 8 of 11   Document 85

According to the plaintiff, during an hour-long telephone call with counsel for the County defendants, counsel told him that she would not provide information regarding Lieutenant Stefonek's subordinates, who are defendants in this case. Id. at ¶3. The plaintiff also states that the County defendants did not provide video, audio or photos from the incident and that counsel told him that no such information had been preserved and that she did not know of any policy regarding the preservation of electronically stored information. Id. at ¶4. The plaintiff says that on July 20, 2020 (when he was incarcerated at the Waukesha County Jail), he requested that all video from the May 22, 2020 incident be preserved. Id. at ¶5. The plaintiff states that he has not received any of the requested documents or electronically stored information. Id. at ¶8. He argues that the defendants likely have "eliminated inculpatory evidence." Id. at ¶9.

The County defendants contend that the court should deny the motion to compel because the plaintiff is vague about what documents and/or information he believes the defendants failed to produce. Dkt. No. 83 at 1. The defendants state that there is no specific policy regarding preservation of "electronically stored information," but they agree that they will forward the plaintiff policies regarding the general preservation of records, which may include video recordings of certain incidents. Id. at 1-2. Next, the County defendants assert that, presuming the plaintiff is referring to interrogatories directed to Stefonek that ask him questions about aliases, nicknames, date of birth, Social Security numbers, criminal and personal complaints and work history of his subordinates, while Stefonek answered these questions for himself, he did not have the knowledge to answer them for his subordinates. Id. at 2. The defendants argue that the plaintiff must obtain this information

about these individuals (whom the plaintiff says are defendants) through proper discovery; that is, the plaintiff must direct his discovery requests to each defendant. Id.

The court will deny the plaintiff's motion to compel for the reasons cited in the County defendants' response. The plaintiff has not identified any deficiency regarding Stefonek's response to his discovery requests, Stefonek says he has forwarded applicable policies to the plaintiff and Stefonek has indicated what the plaintiff should do to properly request discovery from other defendants who are Stefonek's subordinates.

Regarding the plaintiff's motion for sanctions for spoliation of evidence, the County defendants argue that the court also should deny this motion. Dkt. No. 83 at 2. A spoliation sanction is proper only when a party has a duty to preserve evidence because he knew, or should have known, that litigation was imminent. Trask-Morton v. Motel 6 Operating L.P., 534 F.3d 672, 681 (7th Cir. 2008). The party seeking sanctions also must make a showing of bad faith. Fed. R. Civ. P. 37(e); Bracey v. Grondin, 712 F.3d 1012, 1019 (7th Cir. 2013). The plaintiff has not provided any evidence or details regarding his July 2020 request for the preservation of electronically stored information from the May 22, 2020 incident. Id. He has not made a showing of bad faith and only speculates that evidence was destroyed. The court will deny the request for sanctions.

### III. Plaintiff's Motion for Decision (Dkt. No. 84)

The plaintiff has filed a motion asking the court to issue a decision on his motion to amend the complaint. Dkt. No. 84. At the time he drafted the motion, it had been over three months since the plaintiff had filed his motion to amend; he cites Fed. R. Civ. P. 1 to signal to the court that it should already have

addressed his motion to amend. It took the court over seven months to rule on the plaintiff's motion and it understands that that does not feel to the plaintiff (likely to the defendants, either) like the "speedy" administration of justice referenced in Rule 1. But the court has hundreds of pending cases—*five* of which were filed by the plaintiff alone. It would very much like to act more quickly on every motion in every case. But the court now has ruled on the plaintiff's motion to amend; it will deny his motion for a decision as moot.

### IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to file amended complaint. Dkt. No. 76.

The court **ORDERS** that the clerk's office must docket the proposed amended complaint (Dkt. No. 76-1) as the operative complaint.

The court **ORDERS** that the defendants must answer or otherwise respond to the amended complaint.

The court **DENIES** the plaintiff's motion to compel and request for sanctions. Dkt. No. 82.

The court **DENIES AS MOOT** the plaintiff's request for decision. Dkt. No. 84.

Dated in Milwaukee, Wisconsin, this 8th day of June, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
