UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHEN HALL,

          Plaintiff,

v.                                     Case No. 20-cv-1632-pp

LIEUTENANT STEFONEK,
CORRECTIONS OFFICER KURSZEWSKI,
CORRECTIONS OFFICER PIETRUSZKA,
CORRECTIONS OFFICER SIMMONS,
CORRECTIONS OFFICER BENSON,
CORRECTIONS OFFICER RUTH and
NURSE SKUCE,

          Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 91), DENYING AS MOOT DEFENDANT NURSE SKUCE'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 95) AND DISMISSING CASE**

      In October 2020, Stephen Hall--representing himself—filed a complaint under 42 U.S.C. §1983, alleging that the defendants denied him adequate medical care and used excessive force against him. Dkt. No. 1. The court issued a scheduling order in December 2021, dkt. no. 39, and over the next year the parties engaged in extensive litigation regarding discovery. The plaintiff filed an amended complaint on June 8, 2023 (with the court's permission), dkt. no. 86, and although the Waukesha County defendants (Benson, Kurszewski, Pietruszka, Ruth, Simmons and Stefonek) answered the amended complaint, dkt. no. 88, on October 23, 2023, they filed a motion to dismiss the case for failure to prosecute, dkt. no. 91. The court granted defendant Nurse Skuce's motion to join in the Waukesha County defendants' motion. Dkt. No. 103. On October 24, 2023, the court issued an order advising

1

the plaintiff that his response to the motion to dismiss was due by the end of the day on November 13, 2023. Dkt. No. 101 at 3-4. The court advised the plaintiff that if it had not received his response to the motion to dismiss by November 13, 2023, it would resolve the motion without considering a response from him and likely would grant the motion. Id. The November 13, 2023 deadline has passed and the court has not received any response from the plaintiff. The court will resolve the motion to dismiss without considering a response.

I.  **Motion to Dismiss**

The Waukesha County defendants move for dismissal under Federal Rule of Civil Procedure 41(b). Dkt. No. 92. They contend that the court should dismiss the case because they have attempted to contact the plaintiff for him to amend allegedly deficient discovery responses and have sent the plaintiff's signature authorizations to obtain medical and other records. Dkt. No. 92 at 2. The Waukesha County defendants state that they mailed these requests to the plaintiff at his last known address, but both requests were returned as undeliverable. Id. at 2-3. They state that the plaintiff has not recently updated his address and that since his release from prison in early spring 2023, the plaintiff has not had any contact with defense counsel. Id. at 2. The Waukesha County defendants state that without proper responses to the discovery requests and the authorizations to obtain records, they cannot fully evaluate potential arguments for summary judgment. Id. at 3. They contend that the plaintiff's refusal to comply with his basic discovery obligations demonstrates an unwillingness to follow applicable rules and they ask that the court dismiss the case with prejudice. Id.

Rule 41(b) states in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Waukesha County defendants move for dismissal based not only on the plaintiff's failure to respond to discovery requests, but also because the documents they mailed to him have been returned as undeliverable.

When the plaintiff filed the complaint in October 2020, he was in the Waukesha County Jail. Dkt. No. 1 at 7. On February 1, 2021, the clerk's office received from the plaintiff a notice that his address had changed to Dodge Correctional Institution in Waupun, Wisconsin. Dkt. No. 15. This comports with the information in the Wisconsin Department of Corrections' locator web site, which reflects that the plaintiff arrived at Dodge Correctional from the Waukesha County Jail on January 14, 2021. https://appsdoc.wi.gov/lop/details/detail (for Stephen A. Hall). On June 10, 2021, the court received from the plaintiff another change-of-address notice, reporting that he had moved to Waupun Correctional Institution on March 5, 2021. Dkt. No. 17. Again, this comports with the DOC locator web site, which shows that the plaintiff was transferred from Dodge Correctional to Waupun Correctional on March 5, 2021. https://appsdoc.wi.gov/lop/details/detail.

The DOC web site locator shows that the plaintiff remained at Waupun from March 5, 2021 through March 7, 2023, when he was released on extended supervision. Id. The plaintiff did not updated his address with the court after his release from prison. The last communication the court had from the plaintiff was on January 18, 2023, when he filed a motion asking for a decision on a motion he'd filed. Dkt. No. 84. The Waukesha County defendants, however, were able to obtain an address for the plaintiff, because on June 20,

2023, they filed a certificate of service of their answer to the amended complaint; that certificate shows that the defendants served the plaintiff at an address in the city of Waukesha, Wisconsin. Dkt. No. 88. The certificate of service for the Waukesha County defendants' motion to dismiss shows that they served that motion on the plaintiff at the same Waukesha address. Dkt. No. 94. Defendant Nurse Skuce filed a certificate of service for her summary judgment motion; she served the plaintiff at the same address the Waukesha County defendants had used for their previous filings. Dkt. No. 100.

When the court issued its October 24, 2023 order advising the plaintiff of the deadline by which he must file his opposition to the motion to dismiss, the court mailed the order to the plaintiff at the Waukesha address—1104 E. Main Street, #4. Although the court mailed that order almost four weeks ago, it has not been returned to the court as undeliverable. The court has no reason to believe the plaintiff did not receive the court's October 24, 2023 order, or the defendants' mailings.

In its December 6, 2021 scheduling order, the court advised the plaintiff that it was his responsibility to notify the court if he was released from custody and that if he did not keep the court advised of his address the court might dismiss his case. Dkt. No. 39 at 2. The plaintiff did not notify the court of his release from custody and has not provided the court with an updated address since that release. The court's October 24, 2023 order advised the plaintiff of the deadline for responding to the motion to dismiss and warned him that it would probably grant the motion if he didn't file a response. Dkt. No 101 at 3. That order was not returned to the court and the plaintiff did not file a response by the deadline the court set. Based on the facts that the court has not heard from the plaintiff in ten months, the plaintiff has not provided the

4

court with his new address, the conduct described in the Waukesha County defendants' motion to dismiss and the plaintiff's failure to respond to their motion, it appears that the plaintiff no longer is pursuing this case.

The court will grant the Waukesha County defendants' motion to dismiss. See Shaffer v. Lashbrook, 962 F.3d 313, 315-16 (7th Cir. 2020). As noted above, defendant Skuce, who is represented by separate counsel, has joined in the Waukesha County defendants' motion to dismiss;[1] the dismissal applies to all parties and the court will dismiss this case with prejudice.

## II. Conclusion

The court **GRANTS** the Waukesha County defendants' motion to dismiss for failure to prosecute, which defendant Nurse Skuce has joined. Dkt. Nos. 91, 103.

The court **DENIES AS MOOT** defendant Nurse Skuce's motion for summary judgment. Dkt. No. 95.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $505 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks

---

[1] Defendant Skuce has also filed a motion for summary judgment. Dkt. No. 95. Because the court has granted the motion to dismiss, the court will deny Skuce's motion as moot.

to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 22nd day of November, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**