UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHEN HALL,

                 Plaintiff,

v.                                                    Case No. 20-cv-1632-pp

LIEUTENANT STEFONEK, *et al.*,

                 Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 106)**

      Plaintiff Stephen Hall filed this case under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights when he was confined at the Waukesha County Jail. On November 22, 2023, the court granted the Waukesha County defendants' (Benson, Kurszewksi, Pietruszka, Ruth, Simmons and Stefonek) motion to dismiss the case for failure to prosecute and dismissed the case with prejudice. Dkt. No. 104. Defendant Skuce, who is represented by separate counsel, joined the motion to dismiss. Dkt. No. 103. On October 24, 2024—almost a year after the court dismissed the case—the plaintiff filed "Relief From a Judgment Motion" under Federal Rule of Civil Procedure 60(b) in which he asks the court to reopen the case. Dkt. No. 106. The court will deny the plaintiff's motion.

      In support of his motion, the plaintiff states that the defendants filed their motion to dismiss "a short time after [his] amended complaint was filed on 6/8/23." Dkt. No. 106 at ¶2. He states that he was released from prison on

March 7, 2023. Id. The plaintiff asserts that he is back in custody at the Waukesha County Jail, where he has limited ability to conduct legal research and doesn't have access to his previous case filings. Id. at ¶3.

The plaintiff states that counsel for the Waukesha County defendants falsely said in her motion to dismiss that she had had no contact with the plaintiff since his release on March 7, 2023. Id. at ¶5. According to the plaintiff, he called counsel and left at least two voicemails asking her to return his call. Id. The plaintiff also states that before he left prison, he signed all medical authorizations referenced in the motion to dismiss. Id. at ¶6. The plaintiff states that in March 2023, he updated his address to 1104 E. Main Street, but page 4 of the court's order dismissing his case says that he did not update his address after he was released from prison. Id. at ¶7. The plaintiff states that in late March 2023, he called to update his address, but the secretary who answered the call said his address already had been updated to the Main Street address. Id. at ¶8. The plaintiff states that although the defendants said they mailed the motion to dismiss to the plaintiff's Main Street address and that the plaintiff signed for the mail, he did not receive the mail or sign for it, and he was not living at the Main Street address at the time. Id. at ¶9.

The plaintiff states that he never received the court's October 24, 2023 order regarding his deadline to respond to the motion to dismiss because it was sent to the Main Street address, but he was homeless at the time. Id. at ¶10. According to the plaintiff, he was struggling with finding a job and a place to live, and it was a tumultuous time for him. Id. at ¶11. He states that from

March to May 2023, he was in driving school to obtain a commercial driver's license, which he obtained, "but not long after [he] violated [his] E.S. and absconded, a warrant was filed ~8/26/23." Id. at ¶12. The plaintiff states that before this he had been unmedicated for several mental health disorders, was homeless and had "developed an addiction using cocaine to self-medicate 8/6/23." Id. at ¶¶12-13. For these reasons, the plaintiff contends that the court should find excusable neglect and reopen his case.

The defendants respond that the plaintiff's failure to update his address due to homelessness does not constitute excusable neglect. Dkt. No. 107 at 3. They also contend that the plaintiff has not established any fraud on the part of defense counsel. Id. at 7.

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (quoting Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)). Rule 60(b) allows a court to grant relief from a judgment for any of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

On October 23, 2023, the Waukesha County defendants moved for dismissal under Federal Rule of Civil Procedure 41(b) based on the plaintiff's failure to respond to discovery requests and because the documents they mailed to the plaintiff had been returned as undeliverable. Dkt. No. 92 at 1-3. The court's order granting the defendants' motion states that the plaintiff had not updated his address with the court after he was released from prison and that the last communication the court had from the plaintiff was on January 18, 2023. Dkt. No. 104 at 3. The order also states that the Waukesha County defendants had obtained an address for the plaintiff based on a June 20, 2023 certificate of service they filed that showed they served the plaintiff at an address in Waukesha, Wisconsin (the Main Street address). Id. at 4. The order states that when the court issued its October 24, 2023 order advising the plaintiff of the deadline by which he must file his opposition to the motion to dismiss, the court mailed the order to the plaintiff at the Main Street, Waukesha address. Id. When the court granted the Waukesha County defendants' unopposed motion to dismiss, it stated:

> In its December 6, 2021 scheduling order, the court advised the plaintiff that it was his responsibility to notify the court if he was released from custody and that if he did not keep the court advised of his address the court might dismiss his case. Dkt. No. 39 at 2. The plaintiff did not notify the court of his release from custody and has not provided the court with an updated address since that release. The court's October 24, 2023 order advised the plaintiff of the deadline for responding to the motion to dismiss and warned him that it would probably grant the motion if he didn't file a

4

> response. Dkt. No. 101 at 3. That order was not returned to the court and the plaintiff did not file a response by the deadline the court set. Based on the facts that the court has not heard from the plaintiff in ten months, the plaintiff has not provided the court with his new address, the conduct described in the Waukesha County defendants' motion to dismiss and the plaintiff's failure to respond to their motion, it appears that the plaintiff no longer is pursuing this case.

Dkt. No. 104 at 4-5.

The plaintiff asserts that the factors cited in his motion warrant reopening the case based on excusable neglect. Dkt. No. 106 at 4. Whether an omission is "excusable" under Rule 60(b)(1) depends on "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Harris v. Emanuele, 826 F. App'x 567, 568 (7th Cir. 2020) (quoting Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

The plaintiff asserts that he updated the court with his Main Street address. But the defendants and the court were using the Main Street address. The issue is that the plaintiff did not notify the court that the Main Street address no longer was his valid address; the plaintiff's failure to provide the court with an address at which he could receive documents resulted in the court granting the defendants' motion to dismiss. The plaintiff's homelessness does not constitute excusable neglect because he has not explained why he could not have notified the court that the Main Street address was no longer his current address. See Harris, 826 F. App'x at 568 (failure to timely update

5

address not excusable neglect because plaintiff provided no explanation why he could not have updated his address after fire that prevented him from receiving case filings); Shaffer v. Lashbrook, 962 F.3d 313, 317 (7th Cir. 2020) (failure to check docket for over six months is not excusable neglect, despite inability to receive mail); Modesitt v. Wexford Medical, No. 21-cv-1711, 2023 WL 348270, at *1-*2 (S.D. Ind. Jan. 20, 2023) (plaintiff's homelessness after release from confinement not excusable neglect because he did not notify court of homelessness when it happened and reopening case would prejudice defendants); see also Juarez v. Kenosha Cnty. Sheriff's Dep't, Case No. 19-cv-1593-pp, 2021 WL 363981, *3 (E.D. Wis. Feb. 3, 2021) (plaintiff's loss of home and subsequent arrest did not constitute extraordinary circumstances sufficient to grant him relief from court's judgment).

When the court dismissed the case on November 22, 2023, it had not heard from the plaintiff for over ten months. The court received the plaintiff's motion for relief from judgment *eleven months after* it dismissed the case. It would be unfair to the defendants to reopen the case given the plaintiff's lengthy absence and lack of diligence. The court gave the plaintiff an opportunity to respond to the defendants' motion and warned him that the case probably would be dismissed if he didn't respond. When the plaintiff didn't respond, the court dismissed the case.

In addition to excusable neglect, the plaintiff appears to argue that the defendants erroneously stated that he signed a receipt for certified mail for documents from the defendants. Dkt. No. 106 at ¶9. The plaintiff references

6

Case 2:20-cv-01632-PP    Filed 02/10/25    Page 6 of 7    Document 109

Dkt. No. 88 and Dkt. No. 94, which are certificates of service that the Waukesha County defendants filed for their answer to the amended complaint and for their motion to dismiss. The defendants did not say in their motion to dismiss that these documents were send by certified mail. Rather, they said that the documents were returned as undeliverable because the plaintiff no longer lived at the address and did not provide a forwarding address. See Dkt. No. 107 at 8; Dkt. No. 93. The plaintiff's assertion of fraud is not supported by the record.

The plaintiff has not shown that he is entitled to relief under Rule 60(b). The court will deny the plaintiff's motion.

The court **DENIES** the plaintiff's motion for relief from judgment. Dkt. No. 106

Dated in Milwaukee, Wisconsin this 10th day of February, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**